UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARDELL R. KINNEY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NOS. 1:23-cr-365<br>1:26-cv-452<br><br>JUDGE BRIDGET MEEHAN BRENNAN<br><br>**MEMORANDUM OPINION AND ORDER** |

Before the Court is Defendant Cardell R. Kinney's ("Kinney") *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 40.) The government moved to dismiss the motion as time barred. (Doc. 41.) Kinney filed no response. For the reasons stated herein, the government's unopposed motion is GRANTED and Kinney's motion is DISMISSED.

## I. BACKGROUND

On July 11, 2023, Kinney was charged with one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. 1, Indictment.) On April 3, 2024, he pleaded guilty pursuant to a written plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). (Doc. 32, Plea Agreement.) In the plea agreement, the parties stipulated to a base offense level of 24 pursuant to U.S.S.G. § 2D1.1(c)(8), with a two-level increase for possessing a firearm pursuant to U.S.S.G. § 2D1(b)(1). (*Id.* at 174-75.)[1] The total offense level

[1] Unless otherwise stated, record citations are to the electronically stamped CM/ECF document number and assigned PageID #.

before acceptance of responsibility was 26. (*Id*. at 175.) The parties agreed an appropriate term of incarceration would be within the range of 70-87 months. (*Id*. at 174.)

At sentencing, the Court adopted the Final Presentence Report ("PSR") with one exception: it sustained Kinney's objection to his criminal history calculation. (Doc. 36, Sentencing Transcript, at 202-03.) Kinney's criminal history subtotal was reduced from 12 to 10. (*Id*. at 203.) One status point was added because Kinney was serving a criminal justice sentence for two counts of drug possession at the time of the offense. (*Id*.) With a revised criminal history point total of 11, Kinney fell within Criminal History Category V, not VI as stated in the PSR. (*Id*. at 204.)

To sentence within the parties' agreed range, the Court varied downward. *(Id*. at 216-17.) Kinney was sentenced to a 78-month term of incarceration. (*Id*. at 217.) Judgment was entered on July 17, 2024. (*Id.*)

No direct appeal followed. On February 24, 2026, Kinney moved for relief arguing the recent Guidelines amendments for zero-point offenders and status points apply to him and that drug weights cannot include "mixtures." (Doc. 40.) In addressing the timeliness of his motion, Kinney generally asserts "[t]hese laws are relatively new and didn't have any precedents until now." (*Id.* at 249.)

## II. LAW AND ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may seek to vacate, set aside, or correct his sentence on one of the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of

demonstrating relief is warranted. *See Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). So it is the petitioner who "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). Relief can be granted only if "a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)).

*Pro se* petitions are liberally construed. *McCormick v. Butler*, 977 F.3d 521, 528 (6th Cir. 2020). "But the liberal construction rule does not 'abrogate basic pleading essentials,' . . . such as the requirement that a § 2255 petitioner state the factual bases underpinning every claim for relief." *Jimenez v. United States*, No. 21-5201, 2022 WL 2610337, 2022 U.S. App. LEXIS 18863, at *8 n.3 (6th Cir. July 8, 2022) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Similarly, the liberal construction rule does not alter the one-year period in which petitions must be filed.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[a] 1-year period of limitation shall apply to a motion under this section," running "from the latest of" the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When a defendant does not appeal his conviction, the conviction becomes final at the expiration of the time to file a notice of appeal. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (for purposes of § 2255 motions, "an unappealed federal criminal judgment becomes final" when the time for filing a direct appeal expires). Judgment was entered on July 17, 2024. "[A] defendant's notice of appeal must be filed in the district court within 14 days after the . . . entry of [] the judgment . . . ." Fed. R. App. P. 4(b)(1)(A). Here, Kinney's deadline to file a notice of appeal was July 31, 2024. No notice was filed, so Kinney's deadline to move to vacate, set aside, or correct sentence was July 31, 2025. Kinney did not seek relief until February 24, 2026, almost seven months after the expiration of the one-year limitations period. (Doc. 40.) Kinney's motion is time barred.

To the extent Kinney's references to post-sentencing amendments is an effort to request equitable tolling, the request is denied. Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). For § 2255 motions, the limitations period can be tolled if the moving party "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L.

Ed. 2d 130 (2010)). The bar for equitable tolling is a high, and the burden is on the movant to persuade the court he is entitled to such relief. *Holland*, 560 U.S. at 649; *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys*, 209 F.3d at 561). Amendment 821 was effective November 1, 2023, so before Kinney was sentenced. That the Court applied the pertinent provisions of Amendment 821 is reflected in the PSR and sentencing hearing transcript assessing only one status point. Kinney has not met his burden of demonstrating a basis for equitable tolling.

While Kinney has not timely pursued relief under § 2255, the Court finds that a motion for sentencing reduction pursuant to § 3582(c)(2) would also fail. First, a zero-point offender reduction is not available to defendants who were assessed criminal history points for other offenses. U.S.S.G. § 4C1.1(a)(1). Kinney had 10 criminal history points, so a zero-point offender reduction was not applicable. (Doc. 36 at 203; Doc. 29 ¶¶ 47, 49-50, 52.) Second, Kinney properly received one status point because he was under a criminal justice act sentence at the time of the offense. (Doc. 36 at 203-04; Doc. 29 ¶ 54; *see also* U.S.S.G. § 4A1.1(e).) Finally, Kinney's assertion that drug weight calculations are limited to the actual amount of the controlled substance rather than the total weight of the mixture is entirely inconsistent with established case law. *See United States v. Lewis*, Case No. 23-5242, 2024 WL 1463435, 2024 U.S. App. LEXIS 8320, *3 (6th Cir. Apr. 4, 2024) (explaining *Chapman v. United States*, 500 U.S. 453, 465, 111 S. Ct. 1919, 114 L. Ed. 2d 524 (1991) found "Congress had a rational basis to 'assign[] more severe penalties to the distribution of larger quantities of drugs' as measured by 'street weight' as opposed to 'the net weight of the active component'").

## III. CONCLUSION

For the reasons stated herein, the government's unopposed motion to dismiss (Doc. 41) is GRANTED, and Cardell R. Kinney's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 40) is DISMISSED. The Court further CERTIFIES that an appeal from this decision could not be taken in good faith, and there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**Date:** November 4, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE